UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 24-cr-20250-4
                                        Honorable Linda V. Parker

D-4 BAYANDRE LAFELL BUFORD

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE (ECF No. 78)

This matter is presently before the Court on Bayandre Buford's (hereinafter "Defendant") motion to modify his bond conditions to allow him to visit his attorney's office and to obtain employment pending trial. (ECF No. 78.) The Government opposes the motion in part, objecting only to him seeking and maintaining employment. (ECF No. 84.) For the reasons set forth below, Defendant's motion is granted.

## Factual Background

On May 6, 2024, Defendant appeared before Magistrate Judge Anthony P. Patti for an initial appearance on charges related to a pharmacy robbery. (ECF No. 11-12.) No weapons were used in the commission of the robbery. Judge Patti ordered Defendant released on a $10,000 unsecured bond and limited his release to

Home Incarceration. (ECF Nos. 35, 36.) The Government did not move for a detention hearing pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f).

Pursuant to the release order, Home Incarceration restricts him to "24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the Court." (ECF No. 35 at PageID. 41.) The release order does not permit him to seek and obtain employment, nor allow him to visit with his attorney without prior authorization. Shortly after being released, Defendant, and others, were indicted for crimes related to the pharmacy robbery. (ECF No. 54.)

## Parties' Arguments

Defendant now moves to modify his bond conditions to allow him to obtain employment and meet with his attorney pending trial. (ECF No. 78.) He argues that he wants to find employment in order to help support his household and would like to be able to leave in order to visit with his counsel. (*Id.* at PageID. 133.)

Defendant does not state under which portion of the Bail Reform Act he moves under for this relief, but the Court interprets the motion as one pursuant to 18 U.S.C. § 3142(c).

The Government opposes the request modification. In opposition, the Government advances three arguments: (1) Defendant poses a significant risk of danger to others and the community; (2) he has failed to present a change in

2

circumstances to warrant modification; and (3) Pretrial Services does not agree with the modification.  (ECF No. 84 at PageID. 163-64.)

## Legal Standard

"The Bail Reform Act allows both defendants and the Government to file motions to amend conditions of the defendant's pretrial release." *United States v. Bartlett*, No. 23-cr-20676, 2024 WL 1715397, at *10 (E.D. Mich. Apr. 22, 2024) (citing 18 U.S.C. § 3145(a)).  The Bail Reform Act reads, in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
> . . .
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

18 U.S.C. § 3145(a)(2).

Here, Defendant was ordered released by Judge Patti, a Magistrate Judge for the Eastern District of Michigan.  (*See* ECF No. 35.)  Therefore, he may move to amend his release conditions.

## Legal Analysis

i.   Recommendation of Pretrial Services

As an initial matter, Pretrial Services' recommendations are one of many factors considered when fashioning an order but are not binding on the Court.  *See, e.g.*, *United States v. Miranda*, No. 19-mj-30112, 2019 WL 1237074, at *2 (E.D. Mich. Mar. 18, 2019) (considering, as one factor, that Pretrial Services

3

recommended release on bond). The Court, therefore, will consider as one factor the recommendation of Pretrial Services, but will not solely be bound by it.

    ii.    Defendant's Risk of Danger

Next, the Government argues that an amendment to Defendant's bond conditions is not warranted because he poses a significant danger to the community. This Court does not diminish the seriousness of the crimes alleged in the indictment; however, the Government's argument falls flat.

The Government had an opportunity to seek Defendant's detention based on his alleged dangerousness pursuant to 18 U.S.C. § 3142(f). The Government failed to do so. To now argue in opposition to a proposed modification to his release conditions based on dangerousness is unconvincing. Further, as stated above, no weapons were used in the commission of the robbery. This Court has reviewed this matter in detail and is not convinced that Defendant poses a significant danger to the community to warrant detention or denial of an amendment to his release conditions.

    iii.    The Proposed Amendment

"The Court may at any time amend an order specifying bond conditions 'to impose additional or different conditions of release.'" *United States v. Mays*, No. 23-cr-20521, 2024 WL 2863246, at *10 (E.D. Mich. June 6, 2024) (quoting 18 U.S.C. § 3142(c)(3)). To demonstrate that an amendment to a bond condition is

merited, Defendant must comply with the Bail Reform Act's requirement to provide new information that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.* (quoting 18 U.S.C. § 3142(f)(2)).

The Court finds that Defendant has met this standard. Defendant's desire to seek employment pending trial is found by the Court to be new information consistent with the requirements of the Bail Reform Act. The Court further finds that amending Defendant's release conditions to allow him to seek employment within the Eastern District of Michigan, and meet with his counsel, is consistent with the Act's goal of fashioning the least restrictive conditions that will reasonably assure his appearance when required and the safety of the community.

## Conclusion

For the reasons set forth above, the Court finds that amendment of his release conditions is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to modify his pretrial release conditions (ECF No. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that Pretrial Services shall modify Bayandre Buford's release order to allow him to meet with his attorney as well as seek and

maintain employment in the Eastern District of Michigan consistent with this opinion.

**IT IS FURTHER ORDERED** that Defendant's condition of GPS monitoring shall continue.

**IT IS FURTHER ORDERED** that no other conditions of Defendant's release order shall be modified.

                                                              s/ Linda V. Parker
                                                              LINDA V. PARKER
                                                              U.S. DISTRICT JUDGE

Dated: July 1, 2024